**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EIDY KISAIDA DE LA CRUZ-DE LA CRUZ,**<br>**Petitioner,**<br><br>**v.**<br><br>**DEPARTMENT OF HOMELAND SECURITY,**<br>**Respondent.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01856-DB** |

## ORDER

On this day, the Court considered the above captioned case. On July 10, 2026, Petitioner Eidy Kisaida De La Cruz-De La Cruz ("Petitioner") filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 3, and a supplemental letter in support of her Petition, ECF No. 6. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. ECF No. 3 at 1. Petitioner argues her detention is unlawful and asks the Court to order her release. *Id.* at 7. Pursuant to 28 U.S.C. § 2243, "[a] court. . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." The Court therefore issues the briefing schedule outlined herein.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[1] this Court, in its discretion, finds good cause to issue a temporary

---

[1] *See e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

restraining order prohibiting Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). The Court also sets an expedited briefing schedule for Respondents to show cause as to why Petitioner's writ shall not be granted, as well as all other claims for relief raised in the Petition.

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response no later **no later than September 3, 2026.**[2]

[2] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner **SHALL FILE** a reply **no later than September 24, 2026.**

**IT IS FINALLY ORDERED** that the District Clerk **SHALL MAIL** a copy of this Order to Petitioner at the address on file with the District Clerk's Office.

**SIGNED** this **31st** day of **August 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**